## SUPERIOR COURT
### No. 818
### MILLER et v. HOMESITE REALTY CO.
Cincinnati Superior Court

No. 58554. Decided June 23, 1925

624. INCOME TAX—Real facts and not bookkeeping entries give rise to such tax. Books of account are merely evidential and are neither indispensible nor conclusive.

313. CORPORATIONS—Where book entries are made by fraudulent promoters of a corporation, as part of a scheme to defraud, and to credit a corporation with income which it did not in fact receive, the same is to be disregarded.

MARX, J.

This case arises upon application of the Receiver of the Homesite Realty Co. for instructions as to payment of the claim of the United States for $3,515.86, claimed under the Income Tax Revenue Act of 1921.

The Homesite Co., it appears was a corporation created by four unscrupulous and dishonest promoters, and as part of their scheme defrauded a number of people by selling them lots at greatly inflated prices by means of false representations. Before the Court intervened, $79,033.64 had been taken from the victims. This money passed into the hands of the promoters by means of alleged dividends and salaries, and finally by simply dividing the cash without going through the formality of depositing the same in the corporation account.

As a necessary part of the fraudulent schemes of the promoters to draw this money out of the corporation by means of dividends and salaries, it was necessary to enter cash received from the sale of lots, as income upon the books of the corporation, although in fact, the money was not received by the corporation, but by the promoters. The money that did flow through the corporation, established a contingent liability against the corporation which should have been entered upon the books as a liability due the payors.

The Government bases its claim for an Income Tax upon the fact that the cash received was entered upon the books as income received, The question before the court was whether the entries upon the books of the cash received from the sale of lots as income and the carrying of these accounts as accounts receivable is conclusive in so far as tax liability is concerned or whether the actual facts may be inquired into and the book entries corrected to correspond therewith. The Court held:

1. Real facts and not bookkeeping entries give rise to income. Books of account are no more than evidential; they are neither indispensible nor conclusive.

2. Neither the Government nor the taxpayer is bound by valuations entered on the books of a taxpayer.

3. It is clear that there was no taxable income or gain to the Realty Co., as the language of the Income Act is construed by the Supreme Court of the United States.

4. The money of the Realty Co., distributed and divided among the stockholders as dividends or otherwise, was illegally and wrongfully taken from it, because there were not and could not be earnings to be divided because of the fraud in the receipts of said moneys and the declaration of said dividends was void and of no force by reason of said fraud.

5. The corporate form was a pure subterfuge to cover the crime of the promoters and to give it the formality of law, they, hoping thereby, to escape personal liability.

6. There is no question that the taxes assessed by the Government against the corporate form used by the promoters, is properly due and payable by said promoters personally in proportion to their participation in such income.

7. The Receiver is therefore instructed to disallow the Income Tax claim as against the Homesite Realty Co., but to assist the Government in the collection of said claim as against the promoters individually by furnishing copies of all books, records and evidence in his possession and to such other extent as may be practicable.

Attorneys—H. H. Shafer for Receiver; A. Lee Beatty & Robert Kramer for U. S.; all of Cincinnati.